IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE LEE WOLFE, | No. CIV S-09-1946-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| PURCELL, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff is a county jail inmate who is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is Plaintiff's second amended complaint (Doc. 11).[1]

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] Plaintiff's first amended complaint, filed pursuant to Federal Rule of Civil Procedure 15(a)(1), was dismissed with leave to amend.

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.   BACKGROUND

Plaintiff's first amended complaint was dismissed as it failed to name a proper defendant and failed to allege sufficient facts related to any defendant.  He has attempted to cure those defects in his second amended complaint, but the second amended complaint also suffers from defects.  Plaintiff's first amended complaint named only two defendants, Purcell and the Solano County Sheriff's Department.  In his second amended complaint, he now names the following defendants: the California Forensic Medical Group, Inc.; Solano County Jail Medical Department; Solano County Sheriff Coroner's Office Custody Division; Ravinder Kadervari, M.D.; Katrina Purcell, R.N.; Kate Cordero, R.N.; P.A. Cory; Cpt. Bevins; Lt. Marsh; Sgt. Campbell; Sgt. Jorgensen; and Deputy Riojas-Gaxiola.  While Plaintiff now names individuals as defendants, his allegations continue to be vague.  In addition, his second amended complaint, which consists of over 120 pages including his exhibits violates Rule 8's requirements of a short concise statement of his claim.  Plaintiff will be provided one more opportunity to cure some of the defects in his complaint, as discussed below.

/ / /

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's alleges in his second amended complaint that he has suffered from severe deprivation and deliberate indifference to his medical needs by the medical department at the Solano County Jail.[2] He claims the defendants have intentionally delayed, denied, deprived and interfered with his medical treatment. He makes several vague and conclusory statements regarding the lack of treatment he has been subjected to during the time he has been in custody. He appears to be complaining about the lack of medical treatment for his seizures, a lump in his neck and hemorrhoids. He purports to give examples of how his medical treatment has been insufficient, but the examples he gives are insufficient to cure the defects noted herein. He claims receipt of his seizure medication was delayed for four months despite Chief Medical Director Kadervari knowing he needed the medication. He also appears to claim that in addition to Dr. Kadervari, Nurse Purcell, "along with other authorities and medical staff" knew of his condition. He also continues to refer to his inmate grievances to which Dr. Kadervari and nurse Purcell responded.

As to the correctional staff, Plaintiff makes conclusory allegations, such as defendants Riojas-Gaxiola and Jorgensen knowing about the lack of treatment and refusing to remedy it. He also claims the named defendants "have all been made aware of my diognosis [sic] and all partys [sic] showed and continue to show me delibrate [sic] indifference." (Am. Comp. at 8).

## III. DISCUSSION

Plaintiff was informed by the court in the previous order what was required to state a claim for depravation of medical needs in violation of the Eighth Amendment.

> To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v.

---

[2] It appears from the complaint that medical care at the Solano County Jail is provided by California Forensic Medical Group, Inc.

Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts

because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff's allegations continue to be conclusory and vague, and they fail to inform the court and the defendants how he believes the defendants violated his Eighth Amendment rights.  He claims he was denied seizure medication for four months, even though the defendants knew about his condition.  He fails to identify, however, who denied him the medication.  While he states Dr. Kadervari and the other defendants knew of his condition, apparently through the inmate grievance he filed, he does not specify who actually denied him the medication.  Knowledge of his condition is insufficient to support the claim that the defendants purposefully denied him necessary medication.  As this defect is curable, Plaintiff will be provided another opportunity to amend his complaint.

Plaintiff is advised to note that to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In addition to the individuals named in the second amended complaint, Plaintiff names the California Forensic Medical Group, Inc., Solano County Jail, and the Solano County Sheriff's Department as defendants.

However, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

To the extent these defendant agencies are state agencies, Plaintiff cannot state a claim against them. These defendants, as the Eleventh Amendment bars actions against them, must be dismissed from this case. As Plaintiff will be provided one more opportunity to cure the defects in his complaint, he can either choose to remove these agencies as defendants, or if he continues to name them, the court will issues appropriate orders to dismiss them.

Finally, Plaintiff's second amended complaint does not meet the Federal Rule of Civil Procedure 8 standards. Rule 8 requires a complaint to contain a short and plain statement of the claim. Plaintiff's complaint refers to over 100 pages of attached documents which purportedly support the vague allegations against the defendants. This pleading method does not, however, satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through over 100 pages of documents in order to even guess at plaintiff's claims. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims. While the court had addressed above those claims which are discernable from his complaint in order to provide Plaintiff some guidance, the court is unwilling to use the documents attached in an attempt to provide sufficient factual support for the claims Plaintiff appears to be raising. Rather than attaching exhibits to a complaint in support of the claims raised therein, a complaint is required to contain a short, concise statement of the claim, with specific factual allegations in support thereof, linking the individual defendants to the alleged constitutional violation.

Plaintiff's second amended complaint is insufficient to meet this standard. As this defect is curable, Plaintiff will be provided an opportunity to amend his complaint.

IV.   CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue appropriate orders dismissing such claims and/or defendants from this action, as well as such other orders as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second complaint is dismissed with leave to amend; and

2. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

DATED: May 4, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE