IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE LEE WOLFE, | No. CIV S-09-1946-CMK-P |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| PURCELL, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff is a county jail inmate who is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is Plaintiff's third amended complaint (Doc. 14).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.     BACKGROUND

Plaintiff's first amended complaint was filed pursuant to Rule 15(a).  The court dismissed the first amended complaint as it failed to name a proper defendant and failed to allege sufficient facts related to any defendant.  Plaintiff then filed a second amended complaint in which he attempted to cure those defects.  However, the court found the second amended complaint also suffered from numerous defects, including the failure to link the named defendants, naming immune defendants, vague allegations, and a violation of Rule 8's requirement of a short concise statement of his claim.  Plaintiff was provided one more opportunity to cure the defects in his complaint.  Plaintiff has now filed his third amended complaint.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff continues to alleged deprivation of medical care and deliberate indifference to his medical needs by the medical department at the Solano County Jail.  He claims the defendants have intentionally delayed, denied, deprived and interfered with his medical treatment.  In addition to the lack of medical treatment for seizures, a lump in his neck

and hemorrhoids, which were alleged in his previous complaint, he now apparently is claiming lack of dental treatment.

### A.     Defendant Purcell

Plaintiff's complaint suffers from several incurable defects.  First, the one defendant present throughout this case is Purcell.  In his third amended complaint Plaintiff provides additional clarity as to the claims against defendant Purcell.  Specifically, Plaintiff claims that on May 3, 2009, he notified the medical department, via an inmate grievance, that the medication he was receiving was not effective.  This inmate grievance was answered by defendant Purcell, who responded that he failed to raise these concerns during his last visit with the medical providers, and that he should submit a new request slip to have this issue addressed by the providers.  Thus, it is apparent from these allegations that defendant Purcell, although identified as a registered nurse, was not the one providing or denying medical treatment, but rather responding to an inmate grievance.  Plaintiff's claims against defendant Purcell, therefore, are related to the grievance response provided not for any actual, personal denial of treatment by defendant Purcell.

However, prisoners have no stand-alone constitutional rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Prisoners do retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Plaintiff's allegations against defendant Purcell relate to her response to his inmate grievance.  There is no indication that defendant Purcell was a treating medical provider, or that she somehow interfered with Plaintiff's grievance process.  Therefore, Plaintiff's complaint fails to state a claim against defendant Purcell for which relief can be granted.

### B. New Claims

Plaintiff's third amended complaint also attempts to raise claims not raised in his original complaint. Plaintiff originally filed this action in July 2009. In his third amended complaint, Plaintiff alleges he was denied medical treatment on several occasions, including October 25, 2009, and February 4, 2010, and that in addition to the lack of medical treatment, he has been denied dental treatment.

While the medical claims are arguably related to those raised in the original complaints, the incidence complained about occurred after the date the original complaint was filed. In addition, the dental claims are unrelated to any of the allegations originally raised.[1] Plaintiff's previous complaints were dismissed with leave to amend as it appeared the defects addressed were curable. Such leave of court does not open the door for a plaintiff to add additional, unrelated claims or claims arising after the filing of the original complaint. Such an action would be the equivalent of filing a supplemental complaint. See Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998). In order to file a supplemental complaint pursuant to Rule 15(d), there must be some relationship "between the newly alleged matters and the subject of the original action." Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

In addition, Plaintiff is incarcerated. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The court does not normally screen for exhaustion, as it is

---

[1] Plaintiff also fails to name any individual responsible for the denial of dental treatment. Plaintiff has been informed previously of the requirement to link specific individual defendants to the alleged constitutional deprivations alleged.

4

an affirmative defense. However, here, where Plaintiff is attempting to add additional claims arising after his original complaint was filed, it is clear that it is impossible for those claims to be exhausted.[2] Therefore, it appears that these additional claims, which involve defendants Riojas, Cordero, Cullison, and Marsh, are supplemental claims which are inappropriate to raise in an amended complaint. If Plaintiff believes these individuals have violated his constitutional rights, he may raise these claims in a separate action.

### C.    Vague and Conclusory Claims

Finally, Plaintiff's claims continue to be vague and conclusory, and he fails to provide a sufficient link between the named defendants and his alleged constitutional violations. As Plaintiff was previously advised, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Therefore, even if it was appropriate to allow Plaintiff to proceed on his dental claims in this action, his claims fails to specify who was responsible for his alleged depravation. In addition, he names defendants in his caption who he fails to link to any alleged constitutional

---

[2] To the extent Plaintiff is claiming the response from his inmate grievance occurred on the date alleged, and was insufficient, such an allegation is insufficient to state a claim as discussed supra.

deprivation. Naming an individual in the caption of a complaint is insufficient to state a claim against that person. Plaintiff makes no factual allegation as to defendant Corey or defendant Kadevari. Plaintiff does indicate Kadevari is a physician at the jail. However, the only mention of defendant Kadevari is in relation to defendant Purcell's response to Plaintiff's inmate grievance. Plaintiff has been provided several opportunities to properly allege claims against the individuals responsible for his alleged constitutional violation. He appears either unable or unwilling to comply.

      Finally, Plaintiff's third amended complaint continues to violate Rule 8's requirement of a short and plain statement of his claims. Plaintiff's second amended complaint, which referred to over 100 pages of attachment documents, was dismissed for this violation. Plaintiff was cautioned that "[r]ather than attaching exhibits to a complaint in support of the claims raised therein, a complaint is required to contain a short, concise statement of the claim, with specific factual allegations in support thereof, linking the individual defendants to the alleged constitutional violation." (Order, Doc. 12, at 7). Plaintiff did not heed that caution. Instead, his third amended complaint contains over 150 pages of exhibits. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. The court is unwilling comb through over 150 pages of documents in order to guess at Plaintiff's claims, due in part to limited judicial resources but also because it is for Plaintiff – not the court – to formulate his claims.

### III.  CONCLUSION

      Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled additional leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is warned that failure to

respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.

        IT IS SO ORDERED.

DATED: July 2, 2010

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE